# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Jalen Marie Burns,<br><br>              Debtor.<br><br>_____<br><br>Mary R. Jensen,<br><br>Acting United States Trustee, Region 12,<br><br>      Plaintiff,<br><br>v.<br><br>Wesley Scott,<br><br>and<br><br>LifeBack Law Firm P.A.,<br><br>      Defendants. | Case No.: 23-03041<br><br>Chapter 7<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF TRUSTEE'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>JURY TRIAL DEMANDED |

Defendants Wesley Scott and LifeBack Law Firm P.A., submit the following Answer and Affirmative Defenses to Plaintiff's Complaint.

Defendants presume that all captions, titles, and headings in the Complaint are intended to be non-substantive and do not require specific responses; to the extent they are intended to be substantive allegations, Defendants hereby deny all such assertions. Except as otherwise expressly admitted, qualified, or denied in this Answer, Defendants deny each and every allegation of the Complaint.

## I. PARTIES, JURISDICTION, AND VENUE

1.      Responding to Paragraph 1, Defendants admit a bankruptcy case for Jalen

Burns was filed on January 26, 2023 before the United States Bankruptcy Court for the District of Minnesota, Case No. 23-30129, and deny the remaining allegations in paragraph 1.

2.      Defendants admit the allegations in paragraph 2 of the Complaint.

3.      Defendants admit only that Wesley Scott acted as counsel for Jalen Burns for part of her bankruptcy case, that Mr. Scott withdrew from representing Ms. Burns, and that the withdrawal was granted prior to the bankruptcy case being closed. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants admit that Wesley Scott holds an interest in LifeBack Law Firm and that he provides legal services through LifeBack Law Firm, including those services he provided in Ms. Burns' bankruptcy case. Defendants deny the remaining allegations in paragraph 4 of the Complaint. Defendants affirmatively allege that Mr. Scott only acted as counsel for Jalen Burns for part of her bankruptcy case, that Mr. Scott withdrew from representing Ms. Burns, and that the withdrawal was granted prior to the bankruptcy case being closed.

5.      The allegations contained in Paragraph 5 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations and affirmatively allege that the UST lacks standing to seek some or all of the relief sought in its Complaint.

6.      The allegations contained in Paragraph 6 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.     The allegations of Paragraph 7 are not directed at Defendants and therefore no response is required.  Defendants affirmatively state that they do not consent to entry of a final order or judgment by the Court in the above captioned adversary case.

8.     The allegations contained in Paragraph 8 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit that Ms. Burns' bankruptcy case was filed in this district, but deny that Ms. Burns' bankruptcy case is pending in this district, and deny that venue is proper in this Court.

## II. ALLEGATIONS

9.     Responding to paragraph 9 of the Complaint, Defendants admit the Jalen Burns bankruptcy case was commenced on January 26, 2023 and Defendants filed the case as counsel on behalf of Ms. Burns.

10.     Defendants admit the allegations in paragraph 10 of the Complaint.

11.     Responding to paragraph 11 of the Complaint, Defendants admit that Mr. Opheim filed a motion to dismiss the Jalen Burns bankruptcy case and the Office of the U.S. Trustee filed an objection to the motion.  Defendants state that the reasons for the dismissal are set forth in a written document, which document speaks for itself.  Defendants deny any allegations inconsistent with the written document and deny the remaining allegations in paragraph 11 of the Complaint.

12.     Responding to paragraph 12 of the Complaint, Defendants admit the parties entered into a Stipulation of Facts and submitted exhibits for the Bankruptcy Court's consideration.  Defendants do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore

deny.

13.     Responding to paragraph 13 of the Complaint, Defendants state the allegations refer to a written transcript, which transcript speaks for itself. Defendants admit that the quote is accurate, but deny that the quoted section accurately reflects the entire document. Defendants refer to the transcript and deny any allegations inconsistent with the written document.

14.     Defendants admit that the UST is asserting various claims and allegations against Defendants, but deny the allegations support the claims asserted.

**Erin Clark Bankruptcy**

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     Responding to paragraph 18 of the Complaint, Defendants admit, on information and belief, that the email address referenced in paragraph 18 belongs to Erin Clark and that at the time referenced in paragraph 18, Ms. Burns was not a client of LifeBack Law Firm. Further responding to paragraph 18, Defendants state that the allegations refer to a SignNow E-Signature Audit Log, which document speaks for itself. Defendants refer to the written document and deny any allegations inconsistent with the written document. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Responding to paragraph 19 of the Complaint, Defendants state that it refers to testimony for which there is a written transcript that speaks for itself. Defendants deny

the allegations in paragraph 19 of the Complaint, and refer to the written document.

20.     Responding to paragraph 20 of the Complaint, Defendants state that it refers to testimony for which there is a written transcript that speaks for itself and subpoena records that speak for themselves.  Defendants deny the allegations in paragraph 20 of the Complaint, and refer to the written documents.

21.     Responding to paragraph 21 of the Complaint, Defendants admit that the landlord filed an Affidavit of Default of the Stipulation on January 12, 2023, and further admit that the Bankruptcy Court set a telephonic hearing for January 26, 2023.  Defendants state that whether the landlord was entitled to an Order granting relief from the automatic stay to pursue state court eviction proceedings is a legal conclusion to which no response is required.  Defendants further state that paragraph 21 refers to a Court docket, which document speaks for itself.  Defendants deny the allegations and refer to the Court docket. Defendants deny the remaining allegations in paragraph 21 of the Complaint.

**Jalen Burns Bankruptcy Case**

22.     Defendants state the allegations in paragraph 22 of the Complaint refer to an email exchange dated January 16, 2023, which email speaks for itself.  Defendants admit that the quoted portion of the email is accurate, but deny that the quoted section accurately reflects the entire document.  Defendants deny the allegations in paragraph 22 of the Complaint, and refer to the written email communications.

23.     Responding to paragraph 23 of the Complaint, Defendants admit only that on January 17, 2023, LifeBack communicated with Ms. Clark to schedule an intake meeting for Ms. Burns.  Defendants state the remaining allegations in paragraph 23 of the

Complaint refer to records provided by LifeBack, which documents speak for themselves. Defendants refer to the written records and deny any allegations inconsistent with the written records.

24. Responding to paragraph 24 of the Complaint, Defendants admit that Ms. Burns met with Amanda Rosback, who is an attorney of LifeBack, on January 17, 2023 and that Ms. Rosback sent Ms. Burns an email at the email address referenced in paragraph 24 of the Complaint. The remaining allegations in paragraph 24 refer to written documents that speak for themselves. Defendants deny the allegations and refer to the contents of the written documents.

25. The allegations in paragraph 25 of the Complaint refer to a written email exchange, which document speaks for itself. Defendants admit that the quote is accurate, but deny that the quoted section accurately reflects the entire document. Defendants deny the allegations and refer to the contents of the written email exchange.

26. Responding to paragraph 26 of the Complaint, Defendants do not have knowledge or information sufficient to form a belief about the truth of the allegations that Ms. Burns and Ms. Clark had a dispute or what transpired during the dispute and therefor deny. Defendants specifically deny having knowledge of any dispute on January 18, 2023. The remaining allegations in paragraph 26 refer to written communications that speak for themselves. Defendants admit that the quote excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document. Defendants deny the allegations and refer to the written communications.

27. The allegations in paragraph 27 of the Complaint refer to written

communications that speak for themselves. Defendants deny the allegations and refer to the written communications. Defendants further deny having information or knowledge of the written communications alleged in paragraph 27.

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint refer to a written email and a draft Schedule I, which documents speaks for themselves. Defendants deny the allegations and refer to the contents of the written documents.

30. Responding to paragraph 30 of the Complaint, Defendants only admit, on information and belief, that Ms. Burns was aware that LifeBack was communicating about her case through Ms. Clark's email address. The remaining allegations in paragraph 30 of the Complaint refer to a written email, which document speaks for itself. Defendants deny that the quoted excerpts are accurately quoted, and deny that the quoted excerpts accurately reflect the entire document. Defendants refer to the written email and deny any allegations inconsistent with the written documents.

31. Responding to paragraph 31 of the Complaint, Defendants admit that Ms. Burns met with Mr. Scott via Zoom and that they discussed Ms. Burns' financial situation and that Mr. Scott would have gone through the draft of the schedules. Defendants state the remaining allegations in paragraph 31 of the Complaint refer to written testimony for which there is a written transcript, which document speaks for itself. Defendants deny the allegations and refer to the written document.

32. The allegations in paragraph 32 of the Complaint refer to testimony for which there is a written transcript, which document speaks for itself. Defendants deny the

allegations and refer to the contents of the written document.

33. The allegations in paragraph 33 of the Complaint refer to a written email exchange, which document speaks for itself. Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document. Defendants deny the allegations and refer to the contents of the written email.

34. Responding to paragraph 34 of the Complaint, Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Ms. Burns became aware of any potential liability from the landlord and therefore deny the allegations.

35. Responding to paragraph 35 of the Complaint, Defendants admit only that Mr. Scott sent a follow-up email to Ms. Burns and Ms. Clark. The email is a written document which speaks for itself. Defendants refer to the written document for the contents of the written email and deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint. Defendants affirmatively allege that at the time they were communicating through Ms. Clark's email address that they believed they were communicating directly with Ms. Burns.

37. Defendants do not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint, and therefore deny.

38. Responding to paragraph 38 of the Complaint, Defendants state that the allegations refer to a SignNow E-Signature Audit Log, which document speaks for itself.

Defendants refer to the written document and deny any allegations inconsistent with the written document.

39. Responding to paragraph 39 of the Complaint, Defendants state that it refers to testimony for which there is a written transcript that speaks for itself. Defendants refer to the written transcript and deny any allegations in paragraph 39 of the Complaint inconsistent with the written transcript.

40. Responding to paragraph 40 of the Complaint, Defendants admit only that the disclosure is consistent with the schedules prepared by LifeBack. Defendants state the remaining allegations refer to a SignNow E-Signature Audit Log, which document speaks for itself. Defendants deny that the quoted excerpts are accurately quoted, and deny that the quoted section accurately reflects the entire document. Defendants refer to the written document and deny any allegations inconsistent with the written document.

41. Responding to paragraph 41 of the Complaint, Defendants state it refers to an email exchange, which document speaks for itself. Defendants refer to the written document and deny any allegations inconsistent with the written document.

42. Responding to paragraph 42 of the Complaint, Defendants admit only that Mr. Scott received an email from Ms. Clark's email address and that the email is a written document that speaks for itself. Defendants refer to the written document, and deny any allegations inconsistent with the written document.

43. Defendants state that paragraph 43 of the Complaint refers to an email exchange, which document speaks for itself. Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire

document. Defendants refer to the written document, and deny any allegations inconsistent with the written document.

44.     Responding to paragraph 44 of the Complaint, Defendants admit that LifeBack received the signed Chapter 7 Single Sign Up Docs, including the retainer agreement. Defendants further admit that the forms were sent to the email address referred to in paragraph 44 and included three electronic signatures for Ms. Burns. Defendants further admit that Ms. Burns denied seeing and signing the documents, but Defendants dispute the truth of that statement. Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45.     Defendants state that paragraph 45 of the Complaint refers to a written email from Mr. Scott to Ms. Clark, which document speaks for itself. Defendants refer to the written document and deny any allegations inconsistent with the written document and deny Plaintiff's characterization of the written document.

46.     Responding to paragraph 46 of the Complaint, Defendants admit that Jalen Burns' bankruptcy case was filed on January 26, 2023 by Mr. Scott. Defendants admit that Mr. Scott filed a response of "no objection" on Ms. Clark's behalf in Ms. Clark's chapter 13 case. Defendants state that whether the filing of the Jalen Burns bankruptcy case had the effect of staying the enforcement of the Affidavit of Default is a legal conclusion to which no response is required. Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47.     Responding to paragraph 47 of the Complaint, Defendants do not have knowledge or information sufficient to determine the truth of the allegations regarding

whether the Statement under Penalty of Perjury re: Payment Advices contains the same signature as the SignNow Audit Log and therefore deny. The remaining allegations in paragraph 47 of the Complaint refer to an audit log, which document speaks for itself. Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document. Defendants refer to the written document and deny any allegations inconsistent with the written document.

48. Defendants state paragraph 48 of the Complaint refers to a Schedule I filed with the Bankruptcy Court, which document speaks for itself. Defendants refer to the written document and deny any allegations inconsistent with the written document.

49. The allegations in paragraph 49 of the Complaint refer to pay advices and testimony for which there is a written transcript, which are both written documents that speak for themselves. Defendants refer to the written documents and deny any allegations inconsistent with the written documents.

50. The allegations in paragraph 50 of the Complaint are legal conclusions to which no response is required. If paragraph 50 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

51. The allegations in paragraph 51 of the Complaint refer to testimony for which there is a written transcript, which is a written document that speaks for itself. Defendants deny that the quoted excerpts are accurately quoted, and deny that the quoted section accurately reflects the entire document. Defendants refer to the written document and deny any allegations inconsistent with the written document.

52. The allegations in paragraph 52 of the Complaint refer to Schedule F in the

Jalen Burns bankruptcy, which is a written document that speaks for itself. Defendants refer to the written document and deny any allegations inconsistent with the written document.

53.     The allegations in paragraph 53 of the Complaint refer to an email from Ms. Burns and testimony for which there is a written transcript, which documents speak for themselves. Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document. Defendants refer to the written documents and deny any allegations inconsistent with the written documents.

54.     The allegations in paragraph 54 of the Complaint refer to testimony for which there is a written transcript, which is a written document that speaks for itself. Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document. Defendants refer to the written document and deny any allegations inconsistent with the written document.

55.     The allegations in paragraph 55 of the Complaint are legal conclusions to which no response is required. If paragraph 55 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

56.     Responding to paragraph 56 of the Complaint, Defendants admit that Ms. Burns hired Steven Opheim of Dudley and Smith P.A., and he filed a substitution of attorney in the Jalen Burns bankruptcy case. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57.     Responding to paragraph 57 of the Complaint, Defendants do not have knowledge or information sufficient to determine the truth of the allegations and therefore

deny.

58.     Responding to paragraph 58 of the Complaint, Defendants admit that the landlord brought a motion for relief from stay in the Jalen Burns bankruptcy case and that the landlord was represented by George Warner and Warner Law, LLC.  Defendants do not have knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 58 and therefore deny.

59.     The allegations in paragraph 59 of the Complaint refer a written stipulation, which document speaks for itself.  Defendants refer to the written document and deny any allegations inconsistent with the written document.

60.     The allegations in paragraph 60 of the Complaint refer to testimony for which there is a written transcript and an Amended Disclosure of Compensation, which are written documents that speaks for themselves.  Defendants refer to the written documents and deny any allegations inconsistent with the written document.  Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.     Defendants admit the allegations in paragraph 61 of the Complaint.

62.     Defendants admit the allegations in paragraph 62 of the Complaint.

63.     The allegations in paragraph 63 of the Complaint refer to email correspondence from Mr. Scott, which documents speak for themselves.  Defendants admit that the quoted excerpts are accurately quoted, but deny that the quoted section accurately reflects the entire document.  Defendants refer to the written documents and deny any allegations inconsistent with the written documents.

### III. CAUSES OF ACTION

## FIRST CAUSE OF ACTION-
## (ALLEGED VIOLATIONS OF SECTION 707(b)(4) and RULES 1008 AND 9011)

64.     Defendants incorporate their admissions, denials, and affirmative allegations in paragraphs 1 through 63 above as if fully stated herein.

65.     The allegations in paragraph 65 of the Complaint are legal conclusions to which no response is required.  If paragraph 65 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

66.     The allegations in paragraph 66 of the Complaint are legal conclusions to which no response is required.  If paragraph 66 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

67.     The allegations in paragraph 67 of the Complaint are legal conclusions to which no response is required.  If paragraph 67 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

68.     The allegations in paragraph 68 of the Complaint are legal conclusions to which no response is required.  If paragraph 68 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

69.     The allegations in paragraph 69 of the Complaint are legal conclusions to which no response is required.  If paragraph 69 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

70.     The allegations in paragraph 70 of the Complaint are legal conclusions to which no response is required.  If paragraph 70 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

71.     The allegations in paragraph 71 of the Complaint are legal conclusions to

which no response is required.  If paragraph 71 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

72.     The allegations in paragraph 72 of the Complaint are legal conclusions to which no response is required.  If paragraph 72 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

73.     The allegations in paragraph 73 of the Complaint are legal conclusions to which no response is required.  If paragraph 73 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

74.     The allegations in paragraph 74 of the Complaint are legal conclusions to which no response is required.  If paragraph 74 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

75.     The allegations in paragraph 75 of the Complaint are legal conclusions to which no response is required.  If paragraph 75 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

The unnumbered paragraph following paragraph 81 of the Complaint contains a prayer for relief, which does not require a response.  To the extent this paragraph is deemed

to contain factual allegations against Defendants, those allegations are denied. Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint.

82. INTENTIONALLY BLANK.

83. INTENTIONALLY BLANK.

84. INTENTIONALLY BLANK.

**SECOND CAUSE OF ACTION-**
**(ALLEGED VIOLATIONS OF 11 U.S.C. § 526(a)(2))**

85. Defendants incorporate their admissions, denials, and affirmative allegations in paragraphs 1 through 84 above as if fully stated herein.

86. The allegations in paragraph 86 of the Complaint are legal conclusions to which no response is required. If paragraph 86 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

87. The allegations in paragraph 87 of the Complaint are legal conclusions to which no response is required. If paragraph 87 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

88. The allegations in paragraph 88 of the Complaint are legal conclusions to which no response is required. If paragraph 88 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

89. The allegations in paragraph 89 of the Complaint are legal conclusions to which no response is required. If paragraph 89 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

90. The allegations in paragraph 90 of the Complaint are legal conclusions to which no response is required. If paragraph 90 is deemed to contain any factual allegations

against Defendants, Defendants deny the allegations.

91. The allegations in paragraph 91 of the Complaint are legal conclusions to which no response is required. If paragraph 91 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

92. The allegations in paragraph 92 of the Complaint are legal conclusions to which no response is required. If paragraph 92 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

93. The allegations in paragraph 93 of the Complaint are legal conclusions to which no response is required. If paragraph 93 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

94. The allegations in paragraph 94 of the Complaint are legal conclusions to which no response is required. If paragraph 94 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

95. The allegations in paragraph 95 of the Complaint are legal conclusions to which no response is required. If paragraph 95 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

The unnumbered paragraph following paragraph 100 of the Complaint contains a

prayer for relief, which does not require a response. To the extent this paragraph is deemed to contain factual allegations against Defendants, those allegations are denied. Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint.

101. INTENTIONALLY BLANK.

102. INTENTIONALLY BLANK.

103. INTENTIONALLY BLANK.

104. INTENTIONALLY BLANK.

**THIRD CAUSE OF ACTION-
(ALLEGED VIOLATIONS OF 11 U.S.C. § 528)**

105. Defendants incorporate their admissions, denials, and affirmative allegations in paragraphs 1 through 104 above as if fully stated herein.

106. The allegations in paragraph 106 of the Complaint are legal conclusions to which no response is required. If paragraph 106 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

107. The allegations in paragraph 107 of the Complaint are legal conclusions to which no response is required. If paragraph 107 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

108. The allegations in paragraph 108 of the Complaint are legal conclusions to which no response is required. If paragraph 108 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

109. The allegations in paragraph 109 of the Complaint are legal conclusions to which no response is required. If paragraph 109 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

110. The allegations in paragraph 110 of the Complaint are legal conclusions to which no response is required. If paragraph 110 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

111. The allegations in paragraph 111 of the Complaint are legal conclusions to which no response is required. If paragraph 111 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

112. The allegations in paragraph 112 of the Complaint are legal conclusions to which no response is required. If paragraph 112 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

113. Responding to paragraph 113 of the Complaint, Defendants state whether Mr. Scott and LifeBack failed to execute a written contract is a legal conclusion to which no response is required. To the extent that allegation is deemed to contain factual allegations against Defendants, those allegations are denied. Defendants admit that Mr. Scott emailed a copy of the agreement to Ms. Burns's mother's email address and that it was returned as electronically signed on January 26, 2023. Defendants do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 113 of the Complaint and therefore deny.

114. The allegations in paragraph 114 of the Complaint are legal conclusions to which no response is required. If paragraph 114 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

115. Defendants deny the allegations in paragraph 115 of the Complaint.

116. The allegations in paragraph 116 of the Complaint are legal conclusions to

which no response is required. If paragraph 116 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations

117. The allegations in paragraph 117 of the Complaint are legal conclusions to which no response is required. If paragraph 117 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

The unnumbered paragraph following paragraph 117 of the Complaint contains a prayer for relief, which does not require a response. To the extent this paragraph is deemed to contain factual allegations against Defendants, those allegations are denied. Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint.

118. INTENTIONALLY BLANK.

119. INTENTIONALLY BLANK.

### FOURTH CAUSE OF ACTION- (ALLEGED VIOLATIONS OF 11 U.S.C. § 528)

120. Defendants incorporate their admissions, denials, and affirmative allegations in paragraphs 1 through 119 above as if fully stated herein.

121. The allegations in paragraph 121 of the Complaint are legal conclusions to which no response is required. If paragraph 121 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

122. The allegations in paragraph 122 of the Complaint are legal conclusions to which no response is required. If paragraph 122 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

123. The allegations in paragraph 123 of the Complaint are legal conclusions to which no response is required. If paragraph 123 is deemed to contain any factual

allegations against Defendants, Defendants deny the allegations.

124. The allegations in paragraph 124 of the Complaint are legal conclusions to which no response is required. If paragraph 124 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

125. The allegations in paragraph 125 of the Complaint are legal conclusions to which no response is required. If paragraph 125 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

126. The allegations in paragraph 126 of the Complaint are legal conclusions to which no response is required. If paragraph 126 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Responding to paragraph 128 of the Complaint, Defendants state that whether Ms. Burns had any non-contingent debts is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation. Defendants deny the remaining allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

134. Defendants deny the allegations in paragraph 134 of the Complaint.

135. Defendants deny the allegations in paragraph 135 of the Complaint.

136.    The allegations in paragraph 136 of the Complaint are legal conclusions to which no response is required.  If paragraph 136 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

138.    The allegations in paragraph 138 of the Complaint refer a written stipulation, which document speaks for itself.  Defendants refer to the written document and deny any allegations inconsistent with the written document.  Defendants deny the remaining allegations in paragraph 138 of the Complaint.

139.    Responding to paragraph 139 of the Complaint, Defendants admit that Ms. Burns hired Steven Opheim to represent her, but deny it was a result of Mr. Scott's conduct. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 of the Complaint and therefore deny.

140.    Responding to paragraph 140 of the Complaint, Defendants admit that Mr. Pulkrabek hired George Warner, but deny it was a result of Mr. Scott's conduct. Defendants state paragraph 140 refers to an order dated February 22, 2023, which document speaks for itself.  Defendants refer to the document and deny any allegations inconsistent with the written document.  Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 of the Complaint and therefore deny.

141.    The allegations in paragraph 141 of the Complaint are legal conclusions to which no response is required.  If paragraph 141 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

142.    Defendants deny the allegations in paragraph 142 of the Complaint.

143.    The allegations in paragraph 143 of the Complaint are legal conclusions to which no response is required.  If paragraph 143 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

144.    Defendants deny the allegations in paragraph 144 of the Complaint.

145.    The allegations in paragraph 145 of the Complaint are legal conclusions to which no response is required.  If paragraph 145 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

146.    Defendants deny the allegations in paragraph 146 of the Complaint.

147.    The allegations in paragraph 147 of the Complaint are legal conclusions to which no response is required.  If paragraph 147 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

The unnumbered paragraph following paragraph 148 of the Complaint contains a prayer for relief, which does not require a response.  To the extent this paragraph is deemed to contain factual allegations against Defendants, those allegations are denied.  Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint.

149.    INTENTIONALLY BLANK.

### IV. PRAYER FOR RELIEF

150.    Defendants incorporate their admissions, denials, and affirmative allegations in paragraphs 1 through 149 above as if fully stated herein.

151.    The allegations in paragraph 151 of the Complaint are legal conclusions to

which no response is required. If paragraph 151 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

152. The allegations in paragraph 152 of the Complaint are legal conclusions to which no response is required. If paragraph 152 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations.

153. Defendants state paragraph 153 contains a recommendation to the Court to which no response is required. If paragraph 153 is deemed to contain any factual allegations against Defendants, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint, including the relief set forth in this paragraph and all of its subparts a. through e.

The unnumbered paragraph following paragraph 153 of the Complaint contains a request for relief, which does not require a response. To the extent this paragraph is deemed to contain factual allegations against Defendants, those allegations are denied. Defendants specifically deny that Plaintiff is entitled to any of the relief sought in its Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the requested relief, and specifically deny each request for relief requested by Plaintiff.

**WHEREFORE**, Defendants request that this Court:

    a)  dismiss the Plaintiff's Complaint with prejudice;

    b)  enter judgment in Defendants' favor;

    c)  award Defendants their attorneys' fees and costs; and

    d)  grant Defendants all other appropriate relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert these defenses to the allegations in the Complaint:

1.      Except as expressly admitted herein, Defendants deny each and every allegation of Plaintiff's Complaint against them.

2.      Plaintiff fails to state a claim on which relief may be granted and therefore Plaintiff's Complaint must be dismissed as to Defendants.

3.      Plaintiff's claims against Defendants should be dismissed because Defendants at all times complied with the applicable law.

4.      Plaintiff's claims are barred because it lacks standing to seek some or all of the relief sought in its Complaint and because it has not suffered any injury-in-fact.

5.      Plaintiff's claims are barred because some or all of Plaintiff's claims and relief sought are non-justiciable issues unable to be determined by the Court.

6.      Defendants allege that Plaintiff's claims are subject to the provisions of Minn. Stat. § 544.42, subd. 2(a), requiring submission of an affidavit of expert review, and Defendants now demand that Plaintiff fully comply with all requirements of the statute.

7.      Plaintiff's claims are barred because any injuries or damages sustained by Plaintiff were not proximately caused by Defendants.

8.      Plaintiff is unable to prove that it has sustained any damages.

9.      Defendants allege that Plaintiff's damages, if any, were caused by fault of others over whom these answering Defendants had no control.

10.     Plaintiff's claims may be barred by the doctrines of waiver and estoppel.

11.     Plaintiff's claims are barred and should be stricken because Defendants acted with due care at all times; complied with all applicable laws, regulations, and standards; and has otherwise acted reasonably and in good faith.

12.     Defendants contest the amount and nature of the damages claimed by Plaintiff in the Complaint.

13.     Plaintiff's claims are barred to the extent no valid contract existed between Defendants and Plaintiff.

14.     Defendants reserve the right to raise such additional affirmative and other defenses as may be established during discovery and by evidence in this case.

Dated: <u>August 11, 2023</u>                     Gordon Rees Scully Mansukhani LLP


                                                      */s/  Suzanne L. Jones*
                                                      Suzanne L. Jones,  MN Bar No. 389345
                                                      Daniel Brees, MN Bar No. 395284
                                                      Gordon Rees Scully Mansukhani LLP
                                                      80 S. 8th Street, Suite 3850
                                                      Minneapolis, MN 55402
                                                      Ph: 612-351-5969
                                                      sljones@grsm.com
                                                      dbrees@grsm.com

                                                      ***Attorneys for Defendants***